LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEONG KO,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CITY OF LA HABRA; A Public Entity; and DOES 1 THROUGH 10 INCLUSIVE,<br><br>　　　　Defendant. | Case No. CV105305-MLR(PJWx)<br><br>Complaint filed: July 20, 2010<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW** |

## FINDINGS OF FACT

1. Plaintiff was sworn in as a probationary officer of the City of La Habra Police Department ("Department") on August 26, 2006.

2. The Department requires probationary officers to complete a 1-year probationary period.

3. The 1-year probationary term may be extended if the Department, in its discretion, believes the officer's performance is deficient.

4. Typically, probationary officers are hired at the base pay step, Step "A," and are evaluated by the Department at 6 months to determine if a merit-based step increase, to Step "B," is warranted based on performance.

5. Probationary officers are usually evaluated again at 1 year to determine if they have satisfactorily completed probation.

6. The Department does not automatically move officers from pay step "A" to pay step "B." Rather, the Department exercises discretion to determine if an officer's probation should be extended, to determine if an officer passes probation and to determine the pay step to place an officer both during probation and after probation is completed.

7. Once an officer completes probation, subsequent pay raises, or step increases, are discretionary and determined by an annual evaluation of an officer's performance.

8. Completion of 1 year of service, or completion of additional years of service, do not guarantee a merit-based step increase, as longevity alone does not guarantee a pay raise.

9. Merit-based step increases are based on merit, not longevity.

10. The 2007 – 2009 Memorandum of Understanding ("MOU") between the City of La Habra and the police officers' bargaining unit, the La Habra Police Association, states at Part III, "Salary Schedule," that "All step increases are based on merit and must be recommended by the employee's supervisor, subject to approval of the Police Chief, or designee."

11. Section 401.1 of the City's Personnel Rules, entitled "Salary Administration," states that "Salary increases are intended to reward job performance and are not given on the basis of length of service alone."

12. City Personnel Rules, section 401.1 (4), states that "Salary increases within a range shall not be automatic. They shall be based upon merit and granted only upon the recommendation of the department head."

13. Plaintiff's performance was formally evaluated after 6 months, at which time he was eligible for a merit-based step increase.

14. Plaintiff did not receive a merit-based step increase at 6 months due to concerns about his performance.

15. Plaintiff was evaluated again at 9 months and again did not receive a merit pay increase.

16. The Department determined that Plaintiff's probationary period would be extended from 1 year to 15 months because of continuing concerns about Plaintiff's performance.

17. Plaintiff's written evaluations during his probationary period reflect notable deficiencies in his job performance and include recommendations for improvement.

18. Plaintiff eventually completed his probation after 15 months.

19. Effective November 24, 2007, Plaintiff became a full-time, non-probationary officer, and received his first merit-based step increase from Step "A" to Step "B".

20. On April 28, 2008, 5 months after he completed probation, Plaintiff took a military leave of absence.

21. Plaintiff returned to the Department approximately 16 months later on September 12, 2009.

22. Upon his return from military leave, Plaintiff was reinstated as a full-time police officer without loss of seniority, and at the same pay step, "B," when his leave commenced.

23. Pursuant to the City's Military Leave Policy, the Department reinstates eligible officers upon their return from military leave without loss of seniority-based benefits or rights.

24. The City does not give merit-based step increases to employees for the period of time they are on military leave.

25. Merit-based step increases are not automatically given to officers on leave, military or otherwise, during the term of the leave because it is impossible to evaluate an officer's performance if he or she is not performing those duties.

26. The City's Military Leave Policy also provides that employees on military leave shall receive the same vacation, sick leave, and holiday privileges, and the same rights and privileges to promotion, employment, or reemployment, that they would have enjoyed had they not been absent.

27. Plaintiff was paid his salary for the first thirty days of military leave pursuant to section 607.1 of the City's Personnel Rules.

28. On several occasions Plaintiff has been granted permission to take time off from his Department duties to attend military training courses, even though it usually requires the Department to pay another officer to fill in at an overtime rate.

29. The City's payroll records confirm that during Plaintiff's military leave, from late April 2008 through mid-September 2009, he continued to accrue sick and vacation time benefits as if he had remained continuously employed by the City.

30. Plaintiff also remained eligible for, and a beneficiary of, the City's health insurance plan.

31. The City provides sworn members of the Police Department, including Plaintiff, with a pension known as a defined benefit plan, through CalPERS, the California Public Employees' Retirement System

32. Plaintiff's pension plan entitles a retiree to a retirement benefit determined by a set formula. The shorthand name for the plan is "3 % at 50." It entitles an eligible officer to retire at age 50 and, with 30 years of service, to receive 90 percent of final pay.

33. Plaintiff may request, and will receive, full service credit for the time he was on military leave, for purposes of his pension plan.

34. CalPERS' guidelines state that an employee granted a military leave of absence may request full service credit for the leave period from CalPERS, for purposes of his or her pension plan, at no cost.

35. The City treated Plaintiff's military leave the same as other employees who have taken leave.

36. Another sworn member of the La Habra Police Department, Sergeant Jason Forgash, a United States Marine, has taken 3 leaves of absence for military duty in the Persian Gulf, Iraq and Afghanistan. Like Plaintiff, Sergeant Forgash did not receive discretionary, merit-based pay or step increases for the periods of time that he was on military leave.

37. Like plaintiff, Forgash was given thirty days of military leave pay by the City.

38. Upon Forgash's reinstatement with the Department, he resumed his duties at the same pay step he was at when his leave commenced, as did Plaintiff.

39. Like Plaintiff, Forgash continued to accrue seniority-based benefits and rights while on military leave.

## CONCLUSIONS OF LAW

1. The City did not violate Plaintiff's military leave rights under the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. § 4301 ("USERRA"). The City did not discriminate against Plaintiff on the basis of performance of military service or retaliate against him for exercising his USERRA rights. (38 U.S.C. § 4311(a) [prohibition against discrimination]; 38 U.S.C. § 4311(b) [prohibition against retaliation]; *Wallace v. City of San Diego*, 479 F.3d 616, 625, fn.1 (9th Cir. 2007).)

2. In September 2009, the City reemployed Plaintiff as a police officer upon completion of his military service, as required by 38 U.S.C 4312.

3. Plaintiff did not suffer a loss of seniority rights guaranteed by USERRA as a result of taking military leave. (38 U.S.C. 4316(a).) In accordance with section 4316(a), the City reinstated Plaintiff to his former position with the seniority and other seniority-based rights that he had prior to military leave, plus any additional seniority rights he would have attained if he had remained continuously employed.

4. Plaintiff's USERRA rights under section 4316(a) do not entitle him to receive merit-based step increases while on military leave. The "escalator" principle, established in *Fishgold v. Sullivan Drydock Repair Corp.*, 328 U.S. 275 (1946), provides that a returning service member "does not step back on the seniority escalator at the point he stepped off. He steps back on at the precise point he would have occupied had he kept his position continuously during the war." (*Fishgold*, 328 U.S. at 284-285.) However, "[t]o be entitled to a promotion or advancement in benefits, a returning serviceman must show that the advancement would have been awarded simply by virtue of continued employment. If a promotion is at least partially dependent on the employer's discretionary determination of fitness and ability, the Act does not accord the veteran a right to an automatic promotion." (*McKinney v. The Missouri-Kansas-Texas Railroad Company*, 357 U.S. 265, 272 (1958).)

5. The City did not violate Plaintiff's rights under USERRA by denying him merit-based salary step increases while he was on military leave because they do not hinge solely on continued employment, but rather are discretionary, merit-based, and entirely dependent on a formal, satisfactory evaluation of an officer's job performance. (*See*, *McKinney*, 357 U.S. at 272-273 ["On application for reemployment a veteran is not entitled to demand that he be assigned a position higher than that he formerly held when promotion to such a position depends, not simply on seniority or some other form of automatic progression, but on the exercise of discretion on the part of the employer."]

6.      Plaintiff cannot show with reasonable certainty that he would have attained merit-based step increases if he had remained continuously employed. The Department of Labor's USERRA regulations provide that under the escalator principle, the rate of pay to which a reemployed service person is entitled must be determined by taking into account pay increase, step increases, merit increases that the employee would have attained with reasonable certainty. (20 C.F.R. 1002.236.) "When considering whether merit or performance increases would have been attained with reasonable certainty, an employer may examine the returning worker's own work history, his or her history of merit increases …" *Id.*

Plaintiff's pre-military leave work history shows that he was twice denied discretionary, merit-based step increases, and his probationary period was extended beyond the usual 1-year period because of concerns about his performance.

7.      The City was required to treat Plaintiff equally with employees having similar seniority, status, and pay who are on comparable non-military leaves. (38 U.S.C. 4316 (b)(1); *Rogers v. City of San Antonio*, 392 F.3d 758, 764 (5th Cir. 2004).) No evidence was presented that Plaintiff was treated differently from other employees.

8.      Plaintiff's pension plan rights under USERRA (38 U.S.C. 4318) were not prejudiced as a result of military leave. Regardless of whether the City continued making contributions to Plaintiff's CalPERS pension plan while he was on leave, Plaintiff cannot show he was harmed. The evidence established that Plaintiff, as the plan beneficiary, may obtain full service credit for the entire term of his active military duty, at no cost to him. All that is required is a request by Plaintiff to plan administrator CalPERS for the service credit and submission of military documentation of his leave.

9. Plaintiff may not recover exemplary or punitive damages because they may not be recovered in a suit based on USERRA . *Woodard v. New York Health and Hosps. Corp.*, 554 F.Supp.2d 329, 354 (E.D.N.Y. 2008); *Schmauch v. Honda of America Mfg., Inc.*, 311 F.Supp.2d 631, 635 (S.D.Ohio 2003).

DATED: _May 11, 2011__  _____
Honorable Manuel R. Real
United States District Court Judge

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045