UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JEONG KO,

        Plaintiff(s),

v.

CITY OF LA HABRA; a public entity and DOES 1 through 10 INCLUSIVE.

        Defendant(s).

Case No.: CV 10-5305- R

[PROPOSED] **FINDINGS OF FACT AND CONCLUSIONS OF LAW**

## FINDINGS OF FACT

1. Plaintiff Jeong Ko ("Plaintiff") is a member of the Army Reserve.

2. Plaintiff began his employment as a Probationary Police Officer with the Defendant City of La Habra ("Defendant") on or about August 26, 2006, at Step Pay rate "A".

3. For purposes of compensation, the City of La Habra utilizes a Step system, with advancement in Step contingent upon satisfactory completion of regularly recurring performance evaluation periods.

4. Although Plaintiff was denied step increases after his six- and nine-month performance reviews, even these earlier, below-expectation reviews from his probationary period show aptitude and eagerness, coupled with mistakes and gaps in knowledge that warranted extra training.

5. Plaintiff's probationary period was extended to 15 months.

6. At Plaintiff's fifteen month mark, he was given a vastly improved evaluation, and transitioned to a permanent officer.

7. Plaintiff's 15 month evaluation read, in part, "Although fairly new, Officer Ko has improved greatly and is using good judgement [sic] and common sense in the field. Officer Ko has performed well in many of the situations I have observed him in, and he takes a long term approach on how to solve the problem. Officer Ko is genuinely concerned about the victims he contacts and tries to work with them on solutions. Officer Ko has also improved in the area of command presence and seems much more confident in his abilities."

8. The 15 month evaluation goes on to note that Plaintiff is well liked by the other officers, volunteers for extra duties, assists other officers with menial tasks without complaint, is "constantly being exposed to new situations and learns

from each one," is "constantly trying to improve himself," is "not afraid to ask questions of supervisors and clearly understands what is expected of him."

9. As a result of Plaintiff's "Meets Standards" evaluation on his 15 month evaluation and completion of probation, he was given a Pay Step increase to Step "B" on November 24, 2007.

10. Plaintiff became a permanent officer as of November 24, 2007.

11. Plaintiff worked for approximately five months into his next year-long evaluation period before deploying to Afghanistan for approximately seventeen (17) months, between April 29, 2008 and September 12, 2009.

12. Upon Plaintiff's return from military leave in September 2009, Plaintiff was placed again at Step B pay.

13. Approximately eight months after Plaintiff's return from Afghanistan, Defendant elected to give Plaintiff a split one-year evaluation, evaluating Plaintiff for more than five months of pre-deployment work, and approximately seven months of post-deployment work.

14. Plaintiff was rated as "exceed standards" over this entire period in his split one-year evaluation, and accordingly, he received an increase to STEP rate C. But Plaintiff could have advanced to Step rate C approximately one-year earlier if not for his military deployment.

15. Plaintiff's split one-year evaluation reads in part: "Jeong, congratulations on your rating of exceeds standards! To obtain this rating is not an easy task, yet that is exactly what you have done. Keep up the good work!"

16. In the split one-year evaluation the Chief of Police handwrote at the end of the evaluation: "Jeong, you are an outstanding employee and we are lucky to have you here. Thank you for all that you do."

17. Plaintiff received 17 "exceeds standards" ratings; 4 "outstanding" ratings; and 9 "meets standards" ratings in the split one-year evaluation.

18. Plaintiff Ko and a second officer declared that step increases were 'standard practice," except in cases of disciplinary action or unsatisfactory work.

19. At oral argument before the Ninth Circuit Court of Appeal, the city represented that it was "unusual" for an officer not to get a step increase.

## CONCLUSIONS OF LAW

1. The City violated Plaintiff's military leave rights under the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. § 4301 ("USERRA"), by failing to grant him pay-step increases for the period during which he was on military leave.

2. Regulations promulgated under USERRA provide that upon reemployment the employee's rate of pay must be determined by taking into account any pay increases, differentials, step increases, merit increases, or periodic

increases that the employee would have obtained with reasonable certainty had he or she remained continuously employed during the period of service. 20 C.F.R. section 1002.236(a). The step increase at issue here falls plainly within the language of the USERRA regulation.

3. Ko received a split performance evaluation for the five months he worked before being deployed to Afghanistan for 17 months, and the seven months he worked post-deployment. It is undisputed that Ko was rated as "exceeds standards" for the entire split one-year period, something which is not an easy task, and received a step increase due to his evaluation.

4. The Department of Labor, commenting on Section 1002.236, notes that: "In some workplaces, merit pay increases are conditioned upon the employee passing a skills or performance evaluation. The employer should allow a reasonable period of time for the employee to become acclimated in the escalator position before such an evaluation is administered. In order that the employee not be penalized financially for his or her military service, the employee must be reemployed at the higher rate of pay, assuming that it is reasonably certain that the employee would otherwise have attained the merit pay increase during the period of military service. This requirement is similar to the requirement in Section 1002.193, which obliges an employer to give a reemployed employee, after a reasonable amount of time to adjust to the reemployment position, a missed skills

[PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW

test or examination that is the basis of an opportunity for promotion" Department of Labor, 20 C.F.R. Part 1002, p. 75273.

5. Here, Defendant conditioned receipt of a step increase on satisfactory completion of a one-year term of employment. Plaintiff was required to "meet standards" on his performance evaluation during that period in order to receive a step-increase. And when given the chance, that is exactly what he did. It is undisputed that upon Plaintiff's return from deployment, he successfully completed the remaining seven months of the evaluation period. So just like in *Tilton v. Mo. Pac. R. R. Co.*, 376 U.S. 169, 182 (1964) ("*Tilton*"), Defendant made receipt of the benefit/increase contingent upon meeting certain criteria over a fixed period of employment that was interrupted by military service. And here, Plaintiff was allowed to complete that fixed period of employment upon his return. And here, it was undisputed that in doing so, Plaintiff met all necessary criteria that he was previously unable to meet only due to his deployment. He is therefore entitled to step advancement as a matter of law. *Id.* at 181.

6. Moreover, the evidence shows that police officers receive their step increases as a matter of course. Ko and a second officer declared that step increases were "standard practice," except in cases of disciplinary action or unsatisfactory work. And at oral argument before the Ninth Circuit Court of

[PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW

Appeal the city represented that it was "unusual" for an officer not to get a step increase.

7. In light of Ko's "exceeds standards" rating based upon the five months immediately preceding his deployment, his successful completion of that one-year evaluation period upon his return, and that it was "unusual" not to award step increases, no reasonable juror could find that Ko would not have received a step increase with reasonable certainty had he remained continuously employed during the period of service.

Dated: Feb. 27, 2014

HONORABLE MANUEL L. REAL
UNITED STATES DISTRICT COURT
JUDGE